IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TYLLA PENNINGTON | ) | |
| | ) | |
| BRYAN PENNINGTON | ) | |
| | ) | |
| E. P. | ) | |
| | ) | |
| B. P. | ) | |
| | ) | |
| B. P. | ) | |
| | ) | |
| S. P. | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-195 |
| | ) | |
| CARL HEFNER, SHERIFF | ) | |
| | ) | |
| STODDARD COUNTY, MISSOURI | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CARL HEFNER, Individually | ) | |
| | ) | |
| RODGER SEAL | ) | |
| | ) | |
| TRAVIS MADDOX | ) | |

COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, by and through their attorney of record, Russell D. Oliver,

and for their Complaint against Defendants state as follows:

INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages

    against Stoddard County, Missouri, Carl Hefner, as Sheriff of Stoddard County, Carl

    Hefner individually, Rodger Seal, and Travis Maddox for violations of each of the

Plaintiffs' rights guaranteed by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## JURISDICTION AND VENUE

2. Jurisdiction is proper to this Court pursuant to 28 U.S.C. §§1331 and 1343. Plaintiffs invoke the supplemental jurisdiction of the Court to hear and decide Plaintiffs' claims under state law, pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants are located, and the events giving rise to Plaintiff's claims occurred, within the boundaries of this judicial district.

## PARTIES

4. Plaintiff Tylla Pennington is a citizen of the United States of America and resident of the State of Missouri, residing within the boundaries of Stoddard County, Missouri.

5. Plaintiff Bryan Pennington is a citizen of the United States of America and resident of the State of Missouri, residing within the boundaries of Stoddard County, Missouri.

6. Plaintiff E.P. is a citizen of the United States of America and resident of the State of Missouri, residing within the boundaries of Stoddard County, Missouri. E.P. is a minor child and the daughter of Bryan Pennington.  This suit is brought on behalf of E.P. by her Court appointed Next Friend, Bryan Pennington.

7. Plaintiff B.P. is a citizen of the United States of America and resident of the State of Missouri, residing within the boundaries of Stoddard County, Missouri. B.P. is a minor child and the son of Bryan Pennington.  This suit is brought on behalf of B.P. by his Court appointed Next Friend, Bryan Pennington.

8. Plaintiff B.P. is a citizen of the United States of America and resident of the State of Missouri, residing within the boundaries of Stoddard County, Missouri. B.P. is a minor child and the son of Bryan Pennington. This suit is brought on behalf of B.P. by his Court appointed Next Friend, Bryan Pennington.

9. Plaintiff S.P. is a citizen of the United States of America and resident of the State of Missouri, residing within the boundaries of Stoddard County, Missouri. S.P. is a minor child and the daughter of Bryan Pennington. This suit is brought on behalf of S.P. by her Court appointed Next Friend, Bryan Pennington.

10. Hereinafter Tylla Pennington, Bryan Pennington, E.P., B.P., B.P. and S.P. are referred to herein as the "Pennington Family" or "Plaintiffs".

11. Defendant Stoddard County, Missouri is a body politic, organized and existing pursuant to Missouri law.

12. Defendant Carl Hefner, Sheriff (herein "Carl Hefner, Sheriff") is the duly elected Sheriff of Stoddard County and is named as a party to this litigation in his official capacity as the Sheriff of Stoddard County. Defendant Carl Hefner (herein "Carl Hefner") was, at all times relevant hereto, a resident of Missouri, a Missouri certified and sworn peace officer, an employee of Defendant Stoddard County, and acting under color of law. Defendant Carl Hefner is named as a party to this litigation in his individual capacity.

13. Defendant Rodger Seal (herein "Seal") was, at all times relevant hereto, a Missouri resident, a Missouri certified and sworn peace officer, an employee of Defendant

color of law. Defendant Carl Hefner is named as a party to this litigation in his individual capacity.

13. Defendant Rodger Seal (herein "Seal") was, at all times relevant hereto, a Missouri resident, a Missouri certified and sworn peace officer, an employee of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, and acting under color of law. Defendant Seal is named as a party to this litigation in his individual capacity.

14. Defendant Travis Maddox (herein "Maddox") was, at all times relevant hereto, a Missouri resident, a Missouri certified and sworn peace officer, an employee of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, and acting under color of law. Defendant Maddox is named as a party to this litigation in his individual capacity.

## FACTUAL ALLEGATIONS

15. At all times relevant herein, the Pennington family lived in an unincorporated rural area of Stoddard County.

16. Stoddard County Missouri is a 3rd Class County of Missouri which possesses certain general welfare and police powers through enactment of ordinances regulating the conduct of its citizenry. However, Stoddard County Missouri has chosen to not enact any ordinance regulating the responsibilities of owners to control their pets such as dogs and cats. As Stoddard County has no such "leash law", it is perfectly legal to allow your pets to roam free unrestrained in unicorporated areas of Stoddard County.

17. That prior to August 27, 2023 each member of Pennington family owned, cared for, possessed and considered a member of their family a 9 year old lab mix dog named Parker.  Parker lived at the Pennington family's home for more than 8 years.

18. Parker was a gentle loving dog and never showed aggression to any person.

19. That on August 27, 2023 a storm came through Stoddard County in the area of the Pennington family's home.

20. That upon information and belief, Parker wandered off from the Pennington family's home and/or became disorientated during the storm and was discovered at the home of Hillary Mayberry (hereinafter "Mayberry"), a neighbor, approximately 1 mile away from the Pennington family's home.

21. Like the Pennington's home, Mayberry's home is located in rural unincorporated Stoddard County where no "leash law" exists.

22. Mayberry found Parker on her porch, laying on an elevated bench.  Mayberry did not know who Parker belonged to, so she posted a message on Facebook trying to locate Parker's owners.

23. After posting to Facebook, Mayberry called the Stoddard County Sheriff's Office. Defendant Rodger Seal responded to Mayberry's home.

24. Defendant Rodger Seal took Parker from Mayberry and placed Parker in his marked patrol vehicle owned by Defendant Stoddard County and drove away.

25. Thereafter at the instruction of Seal's supervising officer, Defendant Maddox, Defendant Rodger Seal drove Parker to the Otter Slough Conservation Area that is owned by the Missouri Department of Conservation.

26. Upon information and belief, Defendant Seal opened a door to his patrol vehicle, called to Parker, whereupon Parker jumped out of the vehicle and ran up and down a ditch bank several times. Defendant Seal called to Parker to come to him, which Parker did.

27. Based upon Parker's behavior after getting out of Defendant Seal's marked patrol car, it was clear that Parker was neither injured, nor dangerous, nor diseased, nor incapacitated.

28. Then at the instruction of Defendant Maddox, Defendant Seal shot Parker with his service pistol owned by and issued by Defendant Stoddard County with ammunition owned by and issued by Defendant Stoddard County.

29. That after Defendant Seal shot Parker, Parker did not immediately die, instead Parker laid suffering in great pain from the initial gunshot wound for approximately eight (8) minutes. During this eight (8) minutes Parker was drug on the ground by Defendant Seal. After an agonizing eight (8) minutes of suffering, Defendant Seal shot Parker again finally killing Parker. After finally killing Parker, Defendant Seal threw Parker's lifeless body in a ditch.

30. In the senseless and illegal killing of Parker, Defendant Seal violated the provisions of §578.012 R.S.Mo and committed the felony of Animal Abuse in that Defendant Seal intentionally or purposely killed Parker in a manner not allowed by or expressly exempted from the provisions of §§ 578.005 to 578.023 R.S.Mo. and §273.030 R.S.Mo. and was done so by virtue of torture consciously inflicted by Defendant Seal while Parker was alive.

31. Defendant Seal cannot articulate that, at the time Seal shot Parker, that Parker was diseased or disabled beyond recovery for any useful purpose.

32. Defendant Seal did not humanely kill Parker as Parker laid suffering for 8 minutes after he was shot the first time before Defendant Seal shot Parker a second time killing him.

33. Defendant Seal cannot articulate any behavior by Parker, including growling, snarling, or barking, which could be considered a sign of aggression and/or justification for shooting and killing Parker

34. Defendant Seal cannot articulate any behavior by Parker that would indicate that Parker was dangerous at the time Defendant Seal shot Parker.

35. Defendant Seal cannot articulate any behavior by Parker that would indicate that Parker was diseased at the time Defendant Seal shot Parker.

36. Defendant Seal cannot articulate any behavior by Parker that would indicate that Parker was incapacitated at the time Defendant Seal shot Parker.


Stoddard County's Policies, Practices, Failure to Train, and Failures to Implement Policies

37. Defendant Stoddard County and Defendant Carl Hefner, Sheriff have a written stated policy to allow a deputy to discharge a firearm to kill a dangerous, diseased or incapacitated animal. Defendant Stoddard County and Defendant Carl Hefner, Sheriff failed to provide its employees, deputies and supervisors with sufficiently specific or particularized policies and/or training to carry out this directive, including but not limited to failing to provide training in canine behavior, animal condition analysis,

owner identification and notification, and non-lethal alternatives to killing dogs they encounter.

38. On information and belief, Defendant Stoddard County has an unwritten policy, pattern, and practice of regularly killing dogs and disposing of them in the Otter Slough Conservation Area or other rural locations.

## CAUSES OF ACTION

### COUNT I
### UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT RODGER SEAL

39. Plaintiffs re-allege and incorporate by reference the factual allegations contained in paragraphs 1 through 38 as if set forth fully herein.

40. As described herein, Defendant Seal, while acting under color of state law and acting alone and in concert with others, deprived Plaintiffs of their rights privileges and immunities as secured by the Constitution of the United States of America, by unlawfully and unreasonably seizing Parker which included the shooting and killing of Parker, the Plaintiffs' family pet; by killing Parker in a wholly unjustified manner in criminal violation of Missouri law; by disposing of Parker in a ditch after the criminal act of killing Parker.

41. As a direct and proximate result of the conduct of Defendant Seal, Plaintiffs have suffered injuries and damages, including but limited to: infringements and deprivations of their constitutional rights; loss of Parker and his companionship; great fear for

Parker's safety; pain of the mind as well as the body; fear, apprehension, depression, anxiety, loss of enjoyment of life, loss of faith in society, and consternation.

42. The acts of Defendant Seal described herein were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of Plaintiffs, thus entitling them to an award of punitive damages against Defendant Seal.

43. As a result of Defendant Seal's unlawful actions and infringements of Plaintiffs' protected rights, Plaintiffs have been compelled to retain counsel in this matter and are therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiffs respectfully pray that this Court enter judgment in their favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Seal in his individual capacity and award them any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

COUNT II
UNLAWFUL VIOLATION OF THE FOURTH AND FOURTEENTH
AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES
COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS CARL HEFNER
& DEFENDANT MADDOX
(Failure to Supervise and/or Intervene)

44. Plaintiffs re-allege and incorporate by reference the factual allegations as contained in

paragraphs 1 through 43 as if set forth fully herein.

45. As described herein and at all times relevant hereto, Defendant Carl Hefner, was a

supervisory officer of Defendant Maddox and Defendant Seal and a sworn police

officer acting under color of state law and, as a sworn police officers acting under color

of state law, Defendant Carl Hefner had a duty supervise and/or to intervene and

prevent other police officers from violating Plaintiffs constitutionally protected rights.

46. As described herein and at all times relevant hereto, Defendant Maddox, was a

supervisory officer of Defendant Seal and a sworn police officer acting under color of

state law and, as a sworn police officer acting under color of state law, Defendant

Maddox had a duty to supervise and/or intervene and prevent other police officers

from violating Plaintiffs constitutionally protected rights.

47. Defendant Carl Hefner, Sheriff, after investigation, determined and publicly stated that

his investigation revealed that Defendant Maddox "did not properly supervise

[Defendant Seal], and offer proper guidance while handling this call" *See attached Exhibit

A.*

48. As described herein, Defendants Carl Hefner, Seal and Maddox, while acting under

color of state law and individually and in concert with others, violated Plaintiffs'

protected Fourth and Fourteenth Amendment rights

10

49. Defendant Carl Hefner had reasonable opportunity to intervene to prevent the actions described herein, including but not limited to by raising objections or orders to Defendant Seal preventing the killing of Parker and the manner in which Parker was to be executed.

50. Defendant Maddox had reasonable opportunity to intervene to prevent the actions described herein, including but not limited to by raising objections or orders to Defendant Seal preventing the killing of Parker and the manner in which Parker was to be executed.

51. Despite having both a duty and opportunity to intervene to prevent the unlawful and unreasonable acts of Defendant Seal, Defendants Carl Hefner and Maddox failed to take any actions to prevent their fellow officers from engaging in violations of Plaintiffs' protected rights.

52. The acts of Defendants Carl Hefner, Seal, and Maddox, as described herein, were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifference to the rights of Plaintiffs, thus entitling Plaintiffs to an award of punitive damages against Defendants Carl Hefner, Seal and Maddox.

53. As a result of Defendants Carl Hefner, Seal and Maddox's unlawful actions and infringements of their protected rights, Plaintiffs have been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiffs respectfully pray that this Court enter judgment in their favor under 42 U.S.C. §§ 1983 and 1988 against Defendants Carl Hefner, Seal and Maddox in their individual capacity and award them any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### COUNT III
### UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT STODDARD COUNTY
#### (Monell Liability – Official Policy)

54. Plaintiffs re-allege and incorporate by reference the factual allegations as contained in paragraphs 1 through 53 as if set forth fully herein.

55. As described herein, Defendants Carl Hefner, Maddox, & Seal while acting under color of state law and alone and in concert with others, deprived Plaintiffs of their rights, privileges, and immunities as secured by the Constitution of the United States of America through the manner in which their family pet Parker was unlawfully seized and killed; by failing to intervene and stop other officers from violating Plaintiffs' rights; and/or by directing and/or acquiescing to violations of Plaintiffs' rights by subordinates under their supervisory control.

56. The misconduct of the individually-named Defendant officers of the Stoddard County Sheriff's Office, as described herein, was objectively unreasonable and undertaken with malice, willfulness, and/or reckless indifference to the rights of Plaintiffs.

57. The misconduct of the individually-named Defendants of the Stoddard County Sheriff's Department, as described herein, was authorized by and undertaken pursuant to an officially stated and promulgated policy of Defendant Stoddard County and Defendant Carl Hefner, Sheriff in that:

    (a) It is the stated and official policy of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, pursuant to Chapter 9 §1.1 of the Stoddard County Sheriff's Office Policy Manual, that an officer may discharge his firearm "to kill a dangerous, diseased or incapacitated animal" but said policy states no definition of those terms and gives no directive as to who is authorized to make the determination if those terms are present, what those terms mean and gives no direction how the killing should be done. Defendant Stoddard County and and Defendant Carl Hefner, Sheriff's, policy has no requirement that a Deputy make any effort whatsoever to ascertain the identity or notify any owner of an animal prior to killing it. A Stoddard County Sheriff's Deputy killing an animal which belongs to a citizen of Stoddard County, whether in a humane or torturous manner, with no notice to an owner and without any determination as to the animals condition is wholly allowed by Defendant Stoddard County's policy.

    (b) Defendant Stoddard County and Defendant Carl Hefner, Sheriff, are charged with certain duties, including but not limited to the adoption and promulgation of rules, policies, procedures, regulations, general orders, and

special orders governing the operation of the Stoddard County Sheriff's Department.

(c) On information and belief, Defendant Stoddard County and/or Defendant Carl Hefner, Sheriff, employs and/or has designated one or more of its employees as policymaker(s) in connection with police policies, practices, and training, including but not limited to the policy set forth in Chapter 9 §1.1 of the Stoddard County Sheriff's Office Policy Manual

(d) At all times relevant to this Complaint, the individually-named Defendants were acting under the direction and/or control of the policymaker(s) of Defendant Stoddard County and/or Defendant Carl Hefner, Sheriff,.

(e) At all times relevant to this Complaint, and while acting under the color of state law and pursuant to his/her policymaking authority, the designated and authorized policymaker(s) of Defendant Stoddard County and/or Defendant Carl Hefner, Sheriff, did knowingly, maliciously, recklessly, with deliberate indifference to, in bad faith, or with callous disregard, promulgated and authorized policies that were violative of Missouri Law, violative of the well-established rights of the citizenry and Plaintiff, as well as failed to instruct, train, discipline, supervise, and control the individually-named Defendants in proper and lawful use of state authority.

58. The serious harms incurred by Plaintiffs were the direct consequence of the official and stated policies of Defendant Stoddard County and Defendant Carl Hefner, Sheriff,

59. The actions complained of herein were investigated by the Stoddard County Sheriff's Office and subsequently found that Defendant Seal "did not act appropriately during the performance of his duties" but no finding was made that Defendant Seal violated any stated policy of Defendant Stoddard County.  As such, by implication the actions of Deputy Seal was found to be in compliance with the policies and practices of Defendant Stoddard County and Defendant Carl Hefner, Sheriff. *See attached Exhibit A.*

60. As a direct and proximate consequence of the acts of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, Plaintiffs suffered damages in the form of, inter alia, deprivation of their constitutional rights as guaranteed under the Fourth and Fourteenth Amendments and as protected by 42 U.S.C. § 1983.

61. As the result of the actions of the individually-named Defendants and Defendant Stoddard County, Plaintiff has suffered and continues to suffer injury and emotional distress.

62. The acts of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, as described herein, were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of Plaintiffs, thus entitling them to an award of punitive damages against Defendant Stoddard County and Defendant Carl Hefner, Sheriff,.

63. As a result of Defendant Stoddard County and Defendant Carl Hefner, Sheriff's unlawful actions and infringements of their protected rights, Plaintiffs have been

compelled to retain counsel in this matter and are therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiffs respectfully pray that this Court enter judgment in their favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Stoddard County and Defendant Carl Hefner, Sheriff and award them any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

## COUNT IV
UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES COGNIZABLE UNDER 42 U.S.C. § 1983
AGAINST DEFENDANT STODDARD COUNTY
(Monell Liability – Unlawful Practice or Custom)

64. Plaintiffs re-allege and incorporate by reference the factual allegations as contained in paragraphs 1 through 63 as if set forth fully herein.

65. As described herein, Defendants Carl Hefner, Maddox and Seal, while acting under color of state law and in concert with others, deprived Plaintiffs of their rights, privileges, and immunities as secured by the Constitution of the United States of America through the manner in which their family pet Parker was unlawfully seized and killed; by failing to intervene and stop other officers from violating Plaintiffs' rights; and/or by directing and/or acquiescing to violations of Plaintiffs' rights by subordinates under their supervisory control.

66. The misconduct of the individually-named Defendant officers of the Stoddard County Sheriff's Office, as described herein, was objectively unreasonable and undertaken with malice, willfulness, and/or reckless indifference to the rights of Plaintiffs.

67. The misconduct of the individually-named Defendants of the Stoddard County Sheriff's Office, as described herein, was authorized by and undertaken pursuant to a practice and custom that what so widespread and well-settled as to constitute a standard operating procedure of Defendant Stoddard County and Defendant Carl Hefner, Sheriff in that:

  (a)  That upon information and belief, it is the standard operating practice and procedure of Defendant Stoddard County and its Sheriff's Department was to routinely shoot dogs, in a manner similar to the shooting of Parker described herein, without conducting any fact-specific analysis and/or regard for the condition of the animal, without obtaining the identification or notification of the owners of the animal and disposal of the animal's carcass in a rural remote location.

  (b)  This practice and procedure was so widespread and well-settled that that the policymaker(s) of Defendant Stoddard County and Defendant Carl Hefner, Sheriff knew and/or should have known of it.

68. The serious harms incurred by Plaintiffs were the direct consequence of the official practice and custom of Defendant Stoddard County and Defendant Carl Hefner, Sheriff.

69. The actions complained of herein were investigated by the Stoddard County Sheriff's Office and subsequently found that Defendant Seal "did not act appropriately during the performance of his duties" but no finding was made that Defendant Seal violated any stated policy of Defendant Stoddard County.  As such, by implication the actions of Deputy Seal was found to be in compliance with the policies, practices and customs of Defendant Stoddard County. *See attached Exhibit A.*

70. As a direct and proximate consequence of the acts of Defendant Stoddard County, Plaintiffs suffered damages in the form of, inter alia, deprivation of their constitutional rights as guaranteed under the Fourth and Fourteenth Amendments and as protected by 42 U.S.C. § 1983.

71. As the result of the actions of the individually-named Defendants and Defendant Stoddard County and Defendant Carl Hefner, Sheriff, Plaintiffs have suffered and continue to suffer injury and emotional distress.

72. The acts of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, as described herein, were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of Plaintiffs, thus entitling her to an award of punitive damages against Defendant Stoddard County.

73. As a result of Defendant Stoddard County and Defendant Carl Hefner, Sheriff's unlawful actions and infringements of their protected rights, Plaintiffs have been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiffs respectfully prays that this Court enter judgment in their favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Stoddard County and Defendant Carl Hefner, Sheriff, and award them any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which they are entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

## COUNT V
### UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT STODDARD COUNTY
(Monell Liability – Policy of Failure to Train)

74. Plaintiffs re-allege and incorporate by reference the factual allegations as contained in paragraphs 1 through 73 as if set forth fully herein.

75. As described herein, Defendants Carl Hefner, Maddox and Seal, while acting under color of state law and in concert with others, deprived Plaintiffs of their rights, privileges, and immunities as secured by the Constitution of the United States of America through the manner in which their family pet Parker was unlawfully seized and killed; by failing to intervene and stop other officers from violating Plaintiffs' rights; and/or by directing and/or acquiescing to violations of Plaintiffs' rights by subordinates under their supervisory control.

76. The misconduct of the individually-named Defendant officers of the Stoddard County Sheriff's Office, as described herein, was objectively unreasonable and undertaken with malice, willfulness, and/or reckless indifference to the rights of Plaintiffs.

77. Defendant Stoddard County and Defendant Carl Hefner, Sheriff's training program regarding police interactions with canines and other family pets was non-existent, inadequate and/or failed to provide Defendant Stoddard County's officers and employees the necessary knowledge and skills to carry out their duties.

78. Defendant Stoddard County and Defendant Carl Hefner, Sheriff knew and/or should have known that its officers encounter canines and family pets on a routine and recurring basis in the performance of their duties and that a significant portion of the citizenry of Stoddard County own canines and other family pets.

79. In failing to properly train its officers and employees regarding encounters with canines and family pets, Defendant Stoddard County and Defendant Carl Hefner, Sheriff acted with deliberate indifference to the fact that its failure to provide such training would result in the killings of family pets and thereby deprivations of the constitutional rights of the citizenry, including Plaintiff.

80. This indifference to training has resulted in officers and employees mishandling encounters with canines and family pets in the past.

81. As a direct and proximate consequence of the acts of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, Plaintiff has suffered damages in the form of, inter alia, deprivation of her constitutional rights as guaranteed under the Fourth and Fourteenth Amendments and as protected by 42 U.S.C. § 1983.

82. As the result of the actions of the individually-named Defendants and Defendant Stoddard County and Defendant Carl Hefner, Sheriff, Plaintiffs have suffered and continues to suffer injury and emotional distress.

83. The acts of Defendant Stoddard County and Defendant Carl Hefner, Sheriff, as described herein, were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of Plaintiff, thus entitling them to an award of punitive damages against Defendant Stoddard County.

84. As a result of Defendant Stoddard County and Defendant Carl Hefner, Sheriff's unlawful actions and infringements of their protected rights, Plaintiffs have been compelled to retain counsel in this matter and are therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiffs respectfully prays that this Court enter judgment in their favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Stoddard County and Defendant Carl Hefner, Sheriff, and award them any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which they are entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

## COUNT VI
## CONVERSION COGNIZABLE UNDER MISSOURI COMMON LAW
### AGAINST DEFENDANT SEAL

85. Plaintiffs re-allege and incorporate by reference the factual allegations as contained in paragraphs 1 through 84 as if set forth fully herein.

86. Plaintiffs were the lawful owners of Parker.

87. Defendant Seal took possession and control of Parker by intentionally killing him.

88. As a result, Defendant Seal deprived Plaintiffs of their right to possession of Parker.

89. As a direct and proximate result of the conduct of Defendant Seal, Plaintiffs have suffered injuries and damages, including but limited to: great fear for safety and that of their family and dog; pain of the mind; fear, apprehension, depression, anxiety, loss of enjoyment of life, loss of faith in her society, and consternation.

90. The acts of Defendant Seal described herein were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of Plaintiffs, thus entitling them to an award of punitive damages against Defendant Seal.

WHEREFORE Plaintiffs respectfully prays that this Court enter judgment in their favor against Defendant Seal for conversion and award them any and all compensatory damages, punitive damages, expenses, costs, and any other such relief to which they are entitled and that this Court deems just and appropriate.

Respectfully Submitted,

  /s/RUSSELL D. OLIVER
RUSSELL D. OLIVER #59394
The Oliver Firm, L.C.
1402 N. Outer Rd, Ste. A
Dexter, MO 63841
(573) 614-7959
russ@oliver-lawfirm.com
ATTORNEY FOR PLAINTIFFS

STATE OF MISSOURI       )
                             ) ss.
COUNTY OF STODDARD    )

BRYAN PENNINGTON having appeared before me a notary public this 23rd day of October, 2023, of lawful age, being duly individually sworn, upon his oath, deposes and says that he is the named Plaintiff in the above-entitled cause of action and that the foregoing facts and statements are true and correct according to his best knowledge, information and belief.

_____
BRYAN PENNINGTON

Subscribed and sworn to before me on this 23rd day of October, 2023.

GINGER MCCOY
Notary Public - Notary Seal
Stoddard County - State of Missouri
Commission Number 12377266
My Commission Expires Jan 12, 2027

_____
NOTARY PUBLIC
My commission expires: January 12, 2027

STATE OF MISSOURI       )
                             ) ss.
COUNTY OF STODDARD    )

TYLLA PENNINGTON having appeared before me a notary public this 23rd day of October, 2023, of lawful age, being duly individually sworn, upon her oath, deposes and says that she is the named Plaintiff in the above-entitled cause of action and that the foregoing facts and statements are true and correct according to her best knowledge, information and belief.

_____
TYLLA PENNINGTON

Subscribed and sworn to before me on this 23rd day of October, 2023.

GINGER MCCOY
Notary Public - Notary Seal
Stoddard County - State of Missouri
Commission Number 12377266
My Commission Expires Jan 12, 2027

_____
NOTARY PUBLIC
My commission expires: January 12, 2027

STATE OF MISSOURI          )
                           ) ss.
COUNTY OF STODDARD         )

     BRYAN PENNINGTON having appeared before me a notary public this 23ʳᵈ day of October, 2023, of lawful age, being duly individually sworn, upon his oath, deposes and says that he is the named NEXT FRIEND OF ▓▓▓▓▓▓▓▓, ▓▓▓▓▓ ▓▓▓▓▓▓▓▓, ▓▓▓▓ ▓▓▓▓▓▓▓▓, & ▓▓▓▓ ▓▓▓▓▓▓▓▓ in the above-entitled cause of action and that the foregoing facts and statements are true and correct according to his best knowledge, information and belief.

                                              _____
                                              BRYAN PENNINGTON

Subscribed and sworn to before me on this 23ʳᵈ day of October, 2023.

**GINGER MCCOY**
Notary Public - Notary Seal
Stoddard County - State of Missouri
Commission Number 12377266
My Commission Expires Jan 12, 2027

_____
NOTARY PUBLIC
My commission expires: January 12, 2027