UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TYLLA PENNINGTON, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:23CV195 ACL |
| | ) |
| vs. | ) |
| | ) |
| CARL HEFNER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is Plaintiffs' Motion for Entry of Default by the Clerk of Court against Defendant Carl Hefner, Sheriff of Stoddard County. (Doc. 32.) Plaintiffs have also filed an Application for Default Judgment. (Doc. 33.) Defendant Hefner opposes the motions. (Doc. 34.)

**BACKGROUND**

Plaintiffs filed their Complaint against Defendant Hefner and others on October 23, 2023. (Doc. 1.) The Complaint asserted claims against Stoddard County pursuant to 42 U.S.C. § 1983 and *Monell v. New York Dep't of Soc. Servs*., 436 U.S. 658 (1978) based on an official policy (Count III); practice or custom (Count IV) and failure to train (Count V). Count II alleged a failure to intervene claim against Sheriff Hefner individually.

On November 20, 2023, Michelle R. Stewart of Hinkle Law Firm LLC entered her appearance as counsel of record for Defendants "Carl Hefner, Individually, and as Sheriff of Stoddard County, Missouri." (Doc. 19.)

Defendants Stoddard County and Carl Hefner, through counsel, filed a Motion to Dismiss Plaintiffs' Complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted.  (Doc. 24.)

On May 17, 2024, the Court issued a Memorandum and Order granting in part and denying in part Defendants' Motion.  (Doc. 30.)  Specifically, the Court dismissed Counts IV and V against Stoddard County, and Count II against Sheriff Hefner individually.  The Court denied Defendants' Motion to Dismiss as to Count III, finding that Plaintiffs stated a plausible claim that the policy of the Stoddard County Sheriff's Department caused a constitutional violation.

Count III is labeled as a "Monell Liability-Official Policy" claim "against Defendant Stoddard County."  (Doc. 1 at p. 12.)  The allegations of Count III, however, refer to actions of both Stoddard County and Sheriff Hefner.  Additionally, the prayer for relief requests judgment against "Defendant Stoddard County and Defendant Carl Hefner, Sheriff."  *Id.* at 16.

On May 31, 2024, Defendant Stoddard County, through counsel, filed an Answer to Plaintiffs' Complaint.

On July 15, 2024, Plaintiffs filed the instant Motion for Entry of Clerk's Default, in which they argue that Defendant Carl Hefner, Sheriff, has failed to file his Answer as to Count III of the Complaint.  Plaintiffs therefore request that the Clerk of Court enter default pursuant to Rule 55(a).  Defendant Hefner filed a Response on July 16, 2024, in which he argues that Plaintiffs have no good faith basis for either the Motion or Application for Default Judgment.  (Doc. 34.)

## **LEGAL STANDARD**

Default judgments are not favored in the law, and before granting one, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, Case No. 4:09-cv-1628-CEJ, 2011 WL 5330674, at *1. (E.D. Mo. Nov. 7, 2011).

To obtain a default judgment under Rule 55(b), a party must follow a two-step process. First, the party must obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* Once the Clerk enters default, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Second, the party must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[T]he entry of a default judgment ... [is] committed to the sound discretion of the district court." *Harre*, 983 F.2d at 130 (citing *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (reviewing the entry of default judgment for abuse of discretion) (citations omitted).

## **DISCUSSION**

Plaintiffs argue that, because the prayer for relief in Count III of the Complaint asks the Court to enter judgment against Defendant Stoddard County *and* "Defendant Carl Hefner, Sheriff," Defendant Hefner was required to file an Answer separate from that of Defendant Stoddard County. (Doc. 1 at p. 16.) Because he did not do so, Plaintiffs contend that he is in default and Plaintiffs are entitled to judgment against him in the amount of $5,000,000.

Defendant Hefner filed a Response in opposition to Plaintiffs' Motion for Entry of Default one day after Plaintiffs filed the Motion. In his Response, Defendant Hefner argues that Plaintiffs' Motion should be denied because he entered his appearance on behalf of Sheriff Hefner, responded to and defended against Plaintiffs' Complaint, and the claims against him individually were dismissed for failure to state a claim. Defendant contends that the fact that Count III references Defendant Hefner in his official capacity as Sheriff of Stoddard County does not require him to file an answer separate from the Answer filed by Stoddard County.

Plaintiffs have filed a Reply, in which they argue that Defendant Carl Hefner in his official capacity was explicitly named as a party, separate and distinct from his individual capacity. Because the claim in Count III prayed for relief against him in that official capacity and it survived a motion to dismiss, Plaintiffs contend that Defendant Hefner must file a timely answer and his failure to do so requires the entry of default.

The Court agrees that the Complaint alleges a separate claim against Defendant Carl Hefner in his official capacity. This is underscored by the fact that counsel entered her appearance for Defendants "Carl Hefner, Individually, *and as Sheriff of Stoddard County, Missouri*." (Doc. 19) (emphasis added). It is undisputed that Carl Hefner as Sheriff of Stoddard

County did not file an Answer as to Count III despite the fact that this claim survived Defendants' Motion to Dismiss.

The Court, however, finds that the entry of default is inappropriate under the circumstances of this case. Counsel entered her appearance on behalf of Defendant Hefner, in his official capacity, and filed a Motion to Dismiss that was partially successfully. As such, the Court cannot find that Defendant Hefner in his official capacity has "failed to plead or otherwise defend." Moreover, Plaintiffs have not been prejudiced by Defendant Hefner's failure to file a timely Answer given this case is still in its early stages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default against Defendant Carl Hefner, Sheriff of Stoddard County (Doc. 32) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment as to Carl Hefner, Sheriff of Stoddard County (Doc. 33) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Carl Hefner, Sheriff of Stoddard County shall file an Answer to Count III **no later than August 7, 2024**.

Dated this 24th day of July, 2024.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE